IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                        Case No. 14-10089-JTM

Myron Markham,

    Defendant.

MEMORANDUM AND ORDER

    Defendant Myron Markham is charged with bank robbery in violation of 18 U.S.C. § 2113(a). During a hearing on the Motion to Suppress brought by defendant's appointed counsel, Markham informed the court that he desired to represent himself. Further, Markham informed the court of his belief that the court lacks jurisdiction over him, citing Section 1-310 of the Uniform Commercial Code ("U.C.C.").

    A criminal defendant has the constitutional right to waive counsel and represent himself. *Faretta v. California*, 422 U.S. 806, 834-36 (1975); *McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984). Accordingly, the court must determine whether Markahm knowingly and intelligently waives his right to counsel. A decision to proceed without an attorney is "knowing" if the defendant "knows what he is doing" and makes the decision to represent himself with his "eyes open." *Faretta*, 422 U.S. at 835. It is

"voluntary" if he "is not forced to make a 'choice' between incompetent counsel or appearing pro se." *United States v. Taylor*, 113 F.3d 1136, 1140 (10th Cir.1997). A waiver is valid if the defendant "was reasonably informed by the court of the hazards of self-representation and had sufficient understanding of those hazards." *United States v. Turner*, 287 F.3d 980, 984 (10th Cir. 2002). This determination turns on the "particular facts and circumstances" of each case, "including the background, experience, and conduct of the accused." *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Although a defendant may waive the right to counsel, such a waiver is "not lightly inferred," *United States v. Miles*, 572 F.3d 832, 836-37 (10th Cir. 2009) (citing *Brewer v. Williams*, 430 U.S. 387, 404 (1977) (the court should "indulge in every reasonable presumption against waiver")).

> To properly invoke the right to self-representation, a defendant must satisfy four requirements. First, the defendant must "clearly and unequivocally" inform the district court of his intention to represent himself. [*United States v.*] *Mackovich*, 209 F.3d [1227,] 1236 [(10th Cir. 2000)] (internal quotation marks omitted). Second, the request must be timely and not for the purpose of delay. *See id.* Third, the court must conduct a comprehensive formal inquiry to ensure that the defendant's waiver of the right to counsel is "knowingly and intelligently" made. *Id.* (internal quotation marks omitted). Finally, the defendant "must be 'able and willing to abide by rules of procedure and courtroom protocol.'" *United States v. Smith*, 413 F.3d 1253, 1279 (10th Cir.2005) (quoting *McKaskle*, 465 U.S. at 173, 104 S.Ct. 944).

*United States v. Tucker*, 451 F.3d 1176, 1180 (10th Cir. 2006).[1]

---

[1] As to the second step, the court expresses concern about the potentially dilatory nature of the request, given the upcoming trial and the fact that defendant has had two counsel appointed on his behalf. Nevertheless, the court in *Tucker* observed that "the prevailing rule that a motion for self-representation is timely if it is made before the jury is impaneled, unless it is a tactic to secure delay." 451 F.3d at 1181.

Thus, the court will conduct a hearing to determine whether the defendant understands "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Gillies*, 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948).[2]

As previously stated by the court at the hearing conducted January 16, 2015, the defendant's jurisdictional argument is without merit and is denied. The Uniform Commercial Code has no application to criminal proceedings. *United States v. Humphrey*, 287 F.3d 422, 435 (6th Cir. 2002). Courts unanimously repudiate such arguments when presented as a defense to criminal prosecution. *See, e.g., United States v. Zenker*, No. 94-50616, 1996 WL 468614, *1 (9th Cir. 1996) (rejecting such argument as "frivolous"); *United States v. Sykes*, 614 F.3d 303, 306 n. 2 (7th Cir. 2010) (characterizing defendant's jurisdiction argument based on the U.C.C. as "bizarre"). This court has also explicitly rejected such arguments. In *United States v. Burgoin*, No. 11-40057-04, 2011 WL 6372877, *3-4 (D. Kan. 2011), the court found that the court has jurisdiction to try criminal proceedings under

---

[2] In *United States v. Behrens*, 551 Fed.Appx. 452, 457 (10th Cir. 2014), the court noted that while the *Von Moltke* factors represent "an ideal inquiry," there is "no precise litany of questions [which] must be asked of a defendant seeking to waive the right to counsel." 551 Fed.Appx. at 457 (citing *Turner*, 287 F.3d at 983, and *United States v. Willie*, 941 F.2d 1384, 1388 (10th Cir.1991). The court must conduct on the record "a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Von Moltke*, 332 U.S. at 723-24. *See United States v. Allen*, 895 F.2d 1577, 1578 (10th Cir. 1990) (citing *United States v. Padilla*, 819 F.2d 952, 957 (10th Cir. 1987)).

Article I, Section 8 of the United States Constitution and under 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States").

This result is also true with respect to Markham's contention that the court lacks jurisdiction because of his "reservation of rights." The court takes note of the defendant's January 22, 2012 pleading entitled "Notification of Reservation of Rights." In this pleading, Markham cites U.C.C. Sections 1-308 and 1-207 as the basis for the announcement that he "explicitly reserves all of my rights." (Dkt. 32, at 1).

The court addressed similar rhetoric in *United States v. Hobbs*, No. 12-14AGF, 2012 WL 245825, *16 (E.D. Mo. 2012):

> Apparently defendant believes he is somehow preserving his common law rights and avoiding submitting to federal jurisdiction by reference to the Uniform Commercial Code (UCC). *See* Masterson, "Sovereign Citizens:" Fringe in the Courtroom, Vol. XXX AM. BANKR.INST. J. at 2. "[A] search of federal case law reveals that this Code Section has been invoked by some misguided defendants in tax-evasion cases, albeit with uniform failure." *United State v. McKinney*, 375 Fed. Appx. 479, 481–82 (6th Cir.2010) (citations omitted). "These arguments are patently without merit. Perhaps they would even be humorous — were the stakes not so high. To begin with, the UCC has no bearing on criminal subject matter jurisdiction." [*United States v.*] *Mitchell*, 405 F.Supp.2d [602,] 604 [(D. Md. 2005)]. Therefore, defendant did not preserve anything by signing his name in such a manner or attaching his Notification.

The court will reiterate this finding to the defendant at the hearing on the defendant's request to represent himself, and his request will be evaluated in the light of his understanding of this ruling, as well as his willingness to abide by other rulings of the court and the Federal Rules of Criminal Procedure.

IT IS SO ORDERED this 23rd day of January, 2015.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE